## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Bruno

July 28, 1989

Case Nos. CF890288 and CF890289

By JUDGE ALFRED D. SWERSKY

These matters are before the Court on various motions of the Defendant.

The first motion to be dealt with is Defendant's objection to trial by jury as requested by the Commonwealth. That motion must be denied. While Defendant argues that he is placed at an "unfair disadvantage" by the Commonwealth's exercise of its discretion not to waive a jury trial, the disadvantages alleged, if they exist, are cured by the discretion given the trial judge in Code of Virginia, § 19.2-303, to reduce the sentence ascertained by the jury. *See, Vines v. Muncy,* 553 F.2d 342 (4th Cir. 1977).

Defendant next moves to dismiss Count 2 of CF890289, charging Defendant with possession of a firearm while unlawfully in possession of cocaine in violation of Code of Virginia, § 18.2-308.4. He contends that prosecution of this offense is barred by double jeopardy considerations. Defendant was originally arrested and charged with carrying a concealed weapon in violation of Code of Virginia, Section 18.2-308. The Commonwealth moved for entry of a *nolle prosequi* after the witness was sworn in the Court below,

which Court had jurisdiction to hear the misdemeanor charge. Such action, argues Defendant, is tantamount to an acquittal.

The Commonwealth concedes that the *nolle prosequi* of the misdemeanor charge after the witness was sworn is tantamount to an acquittal of the charge of carrying a concealed weapon. However, the Commonwealth argues, the Defendant was charged with a separate and distinct offense in this indictment, an offense with different elements and different proof required.

Defendant relies upon the component of this constitutional guarantee designed to protect an individual from successive prosecutions for the same offenses. In identifying the offenses, he argues, there is a more flexible standard.

The elements of the two offenses are not the same. Each offense would require proof of facts not required to convict Defendant of the other. To prove the offense charged in the indictment, the Commonwealth must prove that the Defendant was unlawfully in possession of the controlled substance cocaine while in possession of the firearm. Such a fact is not required to be proved to sustain a conviction of the misdemeanor. Likewise, to sustain a conviction of the misdemeanor, the Commonwealth must prove that the weapon was concealed. There is no such element required to sustain a conviction of the felony possession charge. The test for determining whether or not the offenses are distinct is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). The test remains the same; that is, is the subsequent prosecution for the "same" offense. Here, it is clearly not the same offense and Defendant's Motion to Dismiss Count 2 of CF890289 is denied.

The Defendant moves to suppress certain evidence located during the search of an automobile in CF890289. The Commonwealth argues that the search of the closed container was a proper inventory search justified by the impoundment of the motor vehicle operated by Defendant. Bruno argues that no probable cause existed for his arrest for carrying a concealed weapon because the handle of the firearm was visible to the officer when he looked into the car. Hence, argues Defendant, the weapon was

not concealed and no probable cause could exist for the seizure of the weapon and the impoundment of the car.

The facts reveal that Bruno was involved in a one-car accident, colliding with a construction barricade, driving up on the curb with two wheels and was stopped for a traffic infraction. Defendant produced no license and indicated that his license had been suspended in the past. He was driving a rented vehicle as indicated by the license plate. When this occurred Bruno was asked to get out of the car and one of the officers looked down into the vehicle. Two officers than observed the handle of a gun beneath the front seat, seeing the grip of what appeared to be a pistol with a towel covering it. This weapon had not been visible to the officers when they first approached the vehicle while Bruno was seated in it. After removing the towel and observing the shotgun, the officers arrested Bruno for carrying a concealed weapon. He was searched and U. S. currency and a small vial of white powder was found on him. A complete search was made of the vehicle including the trunk. Defendant advised the officers that there were valuables in the car, including a ring in the trunk that belonged to a client as well as other precious metals.

The arrest of Defendant was proper as probable cause existed for his arrest. The gun had not been visible to the officers when they first approached the car and had been covered by a towel. Clearly, upon discovery of the weapon after Defendant's removal from the vehicle, the officers could have reasonably concluded that Bruno had concealed the weapon both by his position in the vehicle, as well as covering it with a towel.

Once the Defendant had been placed in custody, a lawful inventory search was done pursuant to a general order of the police department issued November 4, 1983, a copy of which has been made a part of the record. The officers had a duty to perform such a search especially after Bruno indicated that valuable objects were located in the vehicle. Such searches have been specifically approved. *Colorado v. Bertine*, 479 U.S. 367, 107 S. Ct. 738 (1987).

The Defendant's Motion to Suppress will be denied.

In CF890288, the Defendant moves to suppress evidence seized as a result of the search of his apartment pursuant

to a search warrant. Bruno contends that the matter of execution violated the "knock and announce" rule, requiring police to knock, announce their purpose and afford those present the opportunity to admit them peaceably. By agreement the parties have relied on the facts established by the testimony of the police officers at the preliminary hearing.

A close reading of that testimony fails to show a violation of the rule. Defendant contends that a "simultaneous" entry was made; that is, a rushing in by the police at the same time as the announcement as to purpose is made. However, the testimony of the officers, although not totally consistent as to every detail, reveals that a knock was done, whether by hammer or other instrument; an announcement of "police, search warrant" was made out loud; that a delay occurred of between ten and fifteen seconds; and that when the door was opened, entry was made. The opening of the door subsequent to the announcement is in compliance with the rule. There is no evidence of a breaking down of the door nor of a forced entry by the police. Once the door was opened in response to the announcement and entry effected, the authorities had the right to secure the premises and the individuals located therein.

There being no evidence to the contrary, the Motion to Suppress must be denied.